IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| Catherine Kioussis, | |
| Plaintiff, | No. _____ |
| v. | |
| Service Employees International Union Local 668, | **COMPLAINT (CLASS ACTION)** |
| Defendant. | |

## INTRODUCTION

1. The U.S. Supreme Court has concluded that unions acted unconstitutionally when they deducted tens of millions of dollars from public-sector employees who were not members of a union but were required to pay agency fees, or "fair share fees," to the union against their will. *See Janus v. SEIU*, 138 S. Ct. 2448 (2018). The Court has explained that its interpretations of federal law "must be given full retroactive effect." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). Plaintiff, individually and on behalf of a class of all agency fee-payers whose money was taken by the Service Employees International Union Local 668 ("SEIU"), sues for the return of wrongfully-seized money under 42 U.S.C. § 1983.

1

## PARTIES

2. Plaintiff, Catherine Kioussis, is an income maintenance supervisor employed by the Commonwealth of Pennsylvania, and she resides in York County, Pennsylvania.

3. Defendant, Service Employees International Union Local 668, is a labor union whose headquarters is located at 2589 Interstate Drive, Harrisburg, Pennsylvania, 17110 in Dauphin County.

## JURISDICTION AND VENUE

4. This case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Venue is appropriate under 28 U.S.C. § 1391(b) because SEIU has its headquarters in the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS

6. Pennsylvania's Public Employee Fair Share Fee Law provides that "[i]f the provisions of a collective bargaining agreement so provide, each nonmember of a collective bargaining unit shall be required to pay to the exclusive representative a fair share fee." 43 Pa. Stat. Ann. § 1102.3.

7. SEIU is the exclusive representative for numerous bargaining units throughout the Commonwealth of Pennsylvania, including Plaintiff's bargaining

unit.

8.  Pursuant to § 1102.3, SEIU negotiated with the Commonwealth of Pennsylvania for the collection of service fees from nonmembers such as Plaintiff. Article 3, Section 3 of the Agreement effective from July 1, 2016 through June 30, 2019 provided:

> The Employer further agrees to deduct a fair share fee from all compensation paid to all employees in the bargaining unit who are not members of the Union. Authorization from non-members to deduct fair share fees shall not be required. The amounts to be deducted shall be certified to the Employer by the Union and the aggregate deductions of all employees shall be remitted together with an itemized statement to the Union by the last day of the succeeding month after such deductions are made.

9.  Pursuant to this agreement, prior to June 28, 2018, all employees in the bargaining units represented by SEIU who were not union members, including Plaintiff, were forced to pay "fair-share fees" to SEIU as a condition of their employment.

10. Prior to June 28, 2018, government employers covered by the collective bargaining agreement deducted fair share fees from Plaintiff's and other nonmembers' wages without their consent and, upon information and belief, transferred those funds to SEIU, which collected those funds.

11. As of 2018, agency fees were assessed by SEIU at 0.85% of an employee's gross income; union member paid dues of 1.39% of gross income. *See* SEIU Local 668, "Membership Information,"

http://www.seiu668.org/membership-information/.

12.  SEIU should have known that its seizure of fair share fees from non-consenting employees likely violated the First Amendment.

## CLASS ACTION ALLEGATIONS

13.  This case is brought as a class action under Federal Rule of Civil Procedure 23(b)(3) by Plaintiff for herself and for all others similarly situated. The class consists of all current and former employees from whom SEIU collected fair share fees pursuant to its collective bargaining agreement with the Commonwealth of Pennsylvania within the applicable statute of limitations.

14.  The number of persons in the class is so numerous that joinder is impractical. SEIU represents more than 20,000 government employees in the Commonwealth. *See* SEIU Local 668, "Our Union," http://www.seiu668.org/our-union/. From Oct. 1, 2016 to Sept. 30, 2017, SEIU collected agency fees from 3,665 payers. *See* Form Lm-2 Labor Organization Annual Report, https://olms.dol-esa.gov/query/orgReport.do?rptId=658678&rptForm=LM2Form. From Oct. 1, 2018 to Dec. 31, 2018, SEIU collected agency fees from 361 payers. *See* Form Lm-2 Labor Organization Annual Report, https://olms.dol-esa.gov/query/orgReport.do?rptId=696701&rptForm=LM2Form. Therefore, upon information and belief, the difference of 3,304 represents an approximate number of the public-sector workers who were agency fee payers prior to June 28, 2018.

15. There are questions of law and fact common to all class members, including Plaintiff. The constitutional violations perpetrated by SEIU against all nonmembers were taken according to the same statutes and collective bargaining agreement. The legal question of whether SEIU owes damages to class members from whom it unconstitutionally seized fair share fees is common to all class members.

16. Plaintiff's claims are typical of class members' claims because all concern whether SEIU owes damages to class members from whom it unconstitutionally seized fair share fees.

17. Plaintiff will adequately represent the class and has no conflict with other class members.

18. The class can be maintained under Federal Rule of Civil Procedure 23(b)(3) because the important and controlling question of law or fact, whether agency fee deductions violated class members' First Amendment rights, is common to the members of the class and predominates over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because the individual class members are deprived of the same rights by SEIU's actions, and they differ only in the amount of money deducted. These amounts are known to SEIU and easily calculated from its business records. The limited amount of

money involved in each individual class member's claim would make it burdensome for each respective class member to maintain a separate action.

## CAUSE OF ACTION: FIRST AMENDMENT VIOLATION

19. The allegations contained in all preceding paragraphs are incorporated herein by reference.

20. SEIU acted under color of state law and in concert with the Commonwealth of Pennsylvania when it compelled Plaintiff and class members to pay fair share fees, caused the government to deduct fair share fees from Plaintiff and class members, and collected fair share fees seized from Plaintiff and class members.

21. SEIU violated Plaintiff's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, by requiring the payment of fair share fees as a condition of employment and by collecting such fees.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

a. Certify the Class;

b. Enter a judgment, pursuant to 28 U.S.C. § 2201(a), declaring that SEIU violated Plaintiff's and class members' constitutional rights by compelling them to

pay fair share fees as a condition of their employment and by collecting fair-share fees from them without consent;

  c. Award Plaintiff and class members actual damages in the full amount of fair share fees and assessments seized from their wages, plus interest, for violations of their First Amendment Rights;

  d. Award the Plaintiff her costs and attorneys' fees under 42 U.S.C. § 1988; and

  e. Award any further relief to which Plaintiff and class members may be entitled.

Dated: August 7, 2019          Respectfully Submitted,

/s/ Charles O. Beckley

Brian K. Kelsey (Pro Hac Vice to be filed)  Charles O. Beckley, II
bkelsey@libertyjusticecenter.org      Pennsylvania Bar No. 47564
Jeffrey M. Schwab (Pro Hac Vice to be filed) Beckley & Madden, LLC
jschwab@libertyjusticecenter.org      212 N. Third St., Suite 301
Reilly Stephens (Pro Hac Vice to be filed)  Harrisburg, PA 17101
rstephens@libertyjusticecenter.org     Telephone (717) 233-7691
Liberty Justice Center           Facsimile (717) 233-3740
190 South LaSalle Street, Suite 1500    cbeckley@pa.net
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702

William Messenger (Pro Hac Vice to be filed)
National Right to Work Legal Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
Telephone (703) 321-8510
Facsimile (703) 321-9319
wlm@nrtw.org              *Attorneys for Plaintiffs*