SCOTT A. KRONLAND (SBN CA171693) (*pro hac vice*)
P. CASEY PITTS (SBN CA262463) (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064
E-mail:    skronland@altber.com
           cpitts@altber.com

LAUREN M. HOYE (SBN PA307411)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3687
E-mail:  lhoye@wwdlaw.com

*Attorneys for Defendant SEIU Local 668*

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

HARRISBURG DIVISION

| | |
|---|---|
| JANINE WENZIG and CATHERINE KIOUSSIS,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES UNION LOCAL 668,<br><br>Defendant. | CASE NO.:  1:19-cv-01367-MEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SEIU LOCAL 668'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hon. Malachy E. Mannion<br><br>FAC Filed:    Oct. 28, 2019<br>Trial Date:    Not set. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ..............................................................................................1

BACKGROUND ................................................................................................2

ARGUMENT .....................................................................................................4

    1. Section 1983 provides a good faith defense to liability for private parties who followed governing law at the time of the challenged conduct ...............5

    2. The good faith defense bars Plaintiffs' claim for retrospective relief ............8

CONCLUSION .................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abood v. Detroit Board of Education*,
   431 U.S. 209 (1977) ............................................................................................ 1, 3, 4, 5

*Akers v. Maryland State Education Association*,
   376 F.Supp.3d 563 (D. Md. 2019) ................................................................................ 1, 5

*Allen v. Santa Clara County Correctional Peace Officers Association*,
   _ F.Supp.3d _, 2019 WL 4302744 (E.D. Cal. Sept. 11, 2019) ............................................ 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................... 2

*Babb v. California Teachers Association*,
   378 F. Supp. 3d 857 (C.D. Cal. 2019) .......................................................................... 5, 9

*Bermudez v. SEIU Local 521*,
   2019 WL 1615414 (N.D. Cal. Apr. 16, 2019) .................................................................. 5

*Board of Regents of University of Wisconsin System v. Southworth*,
   529 U.S. 217 (2000) .......................................................................................................... 4

*Carey v. Inslee*,
   364 F. Supp. 3d 1220 (W.D. Wash. 2019) ....................................................................... 5

*Casanova v. International Association of Machinists, Local 701*,
   No. 1:19-cv-00428 (N.D. Ill. Sept. 11, 2019) ................................................................... 5

*Chicago Teachers Union, Local No. 1 v. Hudson*,
   475 U. S. 292 (1986) ......................................................................................................... 4

*Clement v. City of Glendale*,
   518 F.3d 1090 (9th Cir. 2008) .......................................................................................... 7

*Cook v. Brown*,
   364 F. Supp. 3d 1184 (D. Or. 2019) ............................................................................. 4, 5

*Crockett v. NEA-Alaska*,
   367 F. Supp. 3d 996 (D. Alaska) ................................................................................... 1, 5

*Danielson v. AFSCME Council 28*,
   340 F. Supp. 3d 1083 (W.D. Wash. 2018) ........................................................................ 4

*Diamond v. Pennsylvania State Education Association*,
 2019 WL 2929875 (W.D. Pa. July 8, 2019) ..............................................1, 5, 7, 9

*Doughty v. State Employees Association of New Hampshire*,
 No. 1:19-cv-00053-PB (D.N.H. May 30, 2019) ......................................................5

*Ellis v. Railway Clerks*,
 466 U. S. 435 (1984) ................................................................................................4

*Franklin v. Fox*,
 2001 WL 114438 (N.D. Cal. Jan. 22, 2001) .........................................................7, 8

*Glickman v. Wileman Brothers & Elliott, Inc.*,
 521 U.S. 457 (1997) .................................................................................................4

*Harlow v. Fitzgerald*,
 457 U.S. 800 (1982) .................................................................................................6

*Harris v. Quinn*,
 134 S. Ct. 2618 (2014) .............................................................................................5

*Hernandez v. AFSCME California*,
 386 F. Supp. 3d 1300 (E.D. Cal. 2019) ...................................................................5

*Hoffman v. Inslee*,
 2016 WL 6126016 (W.D. Wash. Oct. 20, 2016) .....................................................5

*Hough v. SEIU Local 521*,
 2019 WL 1274528 (N.D. Cal. Mar. 20, 2019),
 *amended*, 2019 WL 1785414 (N.D. Cal. Apr. 16, 2019) .......................................5

*Janus v. AFSCME, Council 31*,
 138 S.Ct. 2448 (2018) ......................................................................................*passim*

*Janus v. AFSCME Council 31*,
 2019 WL 1239780 (N.D. Ill. Mar. 18, 2019) ..........................................................5

*Jarvis v. Cuomo*,
 660 F. App'x 72 (2d Cir. 2016) ...............................................................................5

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
 20 F.3d 1250 (3d Cir. 1994) ....................................................................................7

*Jordan v. Sosa*,
 654 F.3d 1012 (10th Cir. 2011) .............................................................................10

*Keller v. State Bar of California*,
 496 U.S. 1 (1990)..................................................................................................4

*LaSpina v. SEIU Pennsylvania State Counsel et al.*,
 2019 WL 4750423 (M.D. Pa. Sept. 30, 2019).........................................1, 2, 4, 9

*Lee v. Ohio Education Association*,
 366 F. Supp. 3d 980 (N.D. Ohio 2019) ..................................................................5

*Lehnert v. Ferris Faculty Association*,
 500 U. S. 507 (1991).............................................................................................4

*Lemon v. Kurtzman*,
 411 U.S. 192 (1973)..............................................................................................9

*Locke v. Karass*,
 555 U. S. 207 (2009).............................................................................................4

*Lugar v. Edmondson Oil Co.*,
 457 U.S. 922 (1982)..........................................................................................6, 7

*Mooney v. Illinois Education Association*,
 372 F. Supp. 3d 690 (C.D. Ill. 2019) .....................................................................5

*Ogle v. Ohio Civil Service Employees Association, AFSCME, Local 11*,
 2019 WL 3227936 (S.D. Ohio July 17, 2019).......................................................5

*Otto v. Pennsylvania State Education Association-NEA*,
 330 F.3d 125 (3d Cir. 2003) ..................................................................................8

*Pinsky v. Duncan*,
 79 F.3d 306 (2d Cir. 1996) ................................................................................7, 9

*Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*,
 76 F.3d 692 (6th Cir. 1996) ...................................................................................7

*Wholean v. CSEA SEIU Local 2001*,
 2019 WL 1873021 (D. Conn. April 26, 2019) ......................................................5

*Winner v. Rauner*,
 2016 WL 7374258 (N.D. Ill. Dec. 20, 2016).........................................................5

*Wyatt v. Cole*,
 504 U.S. 158 (1992)..................................................................................6, 7, 8, 9

*Wyatt v. Cole*,
   994 F.2d 1113 (5th Cir. 1993), *cert. denied*, 510 U.S. 977 (1993) ....................... 7

*Zorica v. AFSCME District Council 33*,
   686 A.2d 461 (Pa.Cmwlth. 1996) ........................................................................ 8

**Statutes**

First Amendment ................................................................................................ 3, 4

42 U.S.C. §1983 ................................................................................................ *passim*

43 Pa.Stat.Ann. §1101.401 ....................................................................................... 2

43 Pa.Stat.Ann. §1101.601 ....................................................................................... 2

43 Pa.Stat.Ann. §1101.606 ....................................................................................... 2

43 Pa.Stat.Ann. §1102.2 ........................................................................................... 4

43 Pa.Stat.Ann. §1102.3 ....................................................................................... 2, 4

71 Pa.Stat.Ann. §575 ............................................................................................ 3, 4

**Federal Rules**

Fed. R. Civ. P. 12(b) ................................................................................................ 2

# INTRODUCTION

Plaintiffs filed this action after *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (June 27, 2018), overruled 40 years of precedent and held that union fair-share fees are now unconstitutional. Plaintiffs are employees of the Commonwealth of Pennsylvania who paid fair-share fees for collective bargaining representation prior to *Janus*. They ask that defendant Service Employees International Union Local 668 ("Local 668") be required to repay—to a putative class of all non-member Commonwealth employees—all the fair-share fees that the Union received prior to *Janus*.

Plaintiffs' claim should be dismissed because Local 668 received the fees in compliance with Pennsylvania statute and then-controlling and directly on-point United States Supreme Court precedent that expressly authorized fair-share fees. A private party is not retrospectively liable under 42 U.S.C. §1983 for having followed the law of the land. As this Court explained in a related case:

> [A]lthough "statutory and contractual provisions authorizing fair-share requirements are no longer enforceable after *Janus*," *see Diamond* [*v. Pa. State Educ. Ass'n*], 2019 WL 2929875, at *14[ (W.D. Pa. July 8, 2019)], the good-faith defense would apply to relieve…Local 668 from liability under §1983 since [the union] reasonably relied on the constitutionality of Pennsylvania's fair-share fee law…and the Supreme Court's decision in *Abood* which permitted such fees. *See id.* at *25-29 (citing, in part, *Akers v. Maryland State Educ. Assoc.*, 376 F.Supp.3d 563, 571-72 (D. Md. 2019) (explaining that the plaintiffs could assert a good-faith defense because they complied with and relied on presumptively-valid state law and controlling Supreme Court precedent); *Crockett v. NEA-Alaska*, 367 F. Supp. 3d 996, 1006 (D. Alaska) ("discussing the inequity of holding the union defendants liable for pre-Janus fair-share fees when they collected the fees in accordance with state law and then-binding Supreme Court precedent"); *Akers v. Maryland State Educ. Assoc.*, 376 F.Supp. 3d 563 (D. Md. 2019).

*LaSpina v. SEIU Pennsylvania State Counsel et al.*, 2019 WL 4750423, at *6 n.7 (M.D. Pa. Sept. 30, 2019).

## BACKGROUND[1]

Under Pennsylvania law, public employees may democratically choose a union to represent them in collective bargaining with the Commonwealth or its political subdivisions about terms and conditions of employment. 43 Pa.Stat.Ann. §§1101.601, 1101.606. Public employees represented by a union have the right to choose whether or not to join the union as members, and Pennsylvania law makes it unlawful for a union or a public employer to coerce an employee into union membership. *See* 43 Pa.Stat.Ann. §1101.401.

Employees who voluntarily choose to join a union pay membership dues. Until the Supreme Court issued its decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (June 27, 2018), a labor union certified as the exclusive representative of a bargaining unit of public employees could enter into an agreement with the public employer whereby any members of the bargaining unit who choose not to become dues paying union members could be required, as a condition of employment, to pay a "fair share fee." *See* 71 Pa.Stat.Ann. §575 (fair share fees may be required as a condition of a collective bargaining agreement with the Commonwealth); *see also* 43 Pa.Stat.Ann. §1102.3 (fair share fees may be required of employees for political subdivisions). These fair share fees covered the cost to the union of negotiating for better wages and benefits for the workforce and

---

[1] For purposes of this Fed. R. Civ. P. 12(b) motion, SEIU Local 668 assumes, without conceding, that the factual allegations in Plaintiffs' First Amended Complaint are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

enforcing the collective bargaining agreement on behalf of employees. *See* 71 Pa.Stat.Ann. §575.

*Janus* overturned the Supreme Court's prior precedent, *see Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), and held for the first time that requiring public employees to pay fair-share fees "violates the First Amendment and cannot continue." *Janus*, 138 S.Ct. at 2486.

Plaintiffs Janine Wenzig and Catherine Kioussis were, during the relevant period, a human services licensing supervisor and an income maintenance supervisor employed by the Commonwealth of Pennsylvania, and members of a bargaining unit for which Local 668 is the exclusive representative. First Amended Complaint ("FAC"), ECF No. 19 ¶¶2-3, 8. As a human services licensing supervisor and an income maintenance supervisor, Plaintiffs were entitled to the benefits of an applicable collective bargaining agreement between Local 668 and the Commonwealth of Pennsylvania, which set negotiated terms and conditions of employment that could otherwise have been set unilaterally by the Commonwealth. In addition, the collective bargaining agreement effective from July 1, 2016, through June 30, 2019, contained a fair share fee provision. *Id.* ¶9. Pursuant to this provision, Plaintiffs had paid fair share fees to Local 668 prior to issuance of the Supreme Court's decision in *Janus*. *Id.* ¶11. Plaintiffs do not dispute that Local 668 stopped receiving fair-share fees from non-members upon issuance of the *Janus* decision. *See id.*

More than a year after *Janus* was issued, Plaintiff Kioussis filed the instant Complaint. Complaint, ECF No. 1. A First Amended Complaint adding Plaintiff Wenzig was filed on October 28, 2019. FAC. Plaintiffs contend that Local 668's

pre-*Janus* receipt of fair-share fees violated their First Amendment rights. FAC ¶22. On behalf of themselves and a class consisting of "all current and former employees from whom [Local 668] collected fair share fees pursuant to its collective bargaining agreement with the Commonwealth of Pennsylvania within the applicable statute of limitations," Plaintiffs seek a declaratory judgment that Local 668 violated Plaintiffs' and class members' First Amendment rights, "actual damages in the full amount of fair share fees and assessments seized from their wages, plus interest," and their costs and attorneys' fees. *Id.* ¶14, Prayer for Relief ¶¶b-d.

## ARGUMENT

Plaintiffs acknowledge that Local 668's pre-*Janus* collection of fair-share fees was authorized by Pennsylvania law. FAC ¶7.[2] Further, the Supreme Court had squarely held, and re-affirmed many times, that requiring public employees to pay fair-share fees as a condition of public employment was constitutional. *Abood*, 431 U.S. at 232.[3] When private parties act in good-faith reliance on presumptively valid state laws, they have a complete defense to §1983 liability. Because Defendant received pre-*Janus* fair-share fees in accordance with a Pennsylvania statute that was constitutional under then-controlling and directly on-point

---

[2] Plaintiffs cite 43 Pa.Stat.Ann. §1102.3, but as employees of the Commonwealth, FAC ¶¶2-3, Plaintiffs were subject to 71 Pa.Stat.Ann. §575.

[3] *See also Locke v. Karass*, 555 U. S. 207, 213-14 (2009); *Lehnert v. Ferris Faculty Ass'n*, 500 U. S. 507, 519 (1991); *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U. S. 292, 301-02 (1986); *Ellis v. Railway Clerks*, 466 U. S. 435, 455-57 (1984); *cf. Keller v. State Bar of Cal.*, 496 U.S. 1, 9-17 (1990); *Board of Regents of Univ. of Wis. System v. Southworth*, 529 U.S. 217, 230-32 (2000); *Glickman v. Wileman Brothers & Elliott, Inc.*, 521 U.S. 457, 471-73 (1997).

precedent, Local 668 is not retrospectively liable. Nineteen district courts, including this Court, and the Seventh Circuit have already rejected the same §1983 claim Plaintiffs bring here.[4]

---

[4] *See LaSpina*, 2019 WL 4750423, at *6 n.7; *Danielson*, 340 F. Supp. 3d 1083, 1086 (W.D. Wash. 2018), *appeal pending*, No. 18-636087 (9th Cir.); *Cook v. Brown*, 364 F.Supp.3d 1184 (D. Or. 2019), *appeal pending*, No. 19-35191 (9th Cir.); *Crockett v. NEA-Alaska*, 367 F.Supp.3d 996 (D. Alaska 2019), *appeal pending*, No. 19-35299 (9th Cir.); *Janus v. AFSCME Council 31*, 2019 WL 1239780 (N.D. Ill. Mar. 18, 2019), *aff'd*, _ F.3d _ (7th Cir. Nov. 5, 2019); *Hough v. SEIU Local 521*, 2019 WL 1274528 (N.D. Cal. Mar. 20, 2019), *amended*, 2019 WL 1785414 (N.D. Cal. Apr. 16, 2019), *appeal pending*, No. 19-15792 (9th Cir.); *Lee v. Ohio Educ. Ass'n*, 366 F.Supp.3d 980 (N.D. Ohio 2019), *appeal pending*, No. 19-3250 (6th Cir.); *Mooney v. Illinois Educ. Ass'n*, 372 F.Supp.3d 690 (C.D. Ill. 2019), *aff'd*, _ F.3d _ (7th Cir. Nov. 5, 2019); *Bermudez v. SEIU Local 521*, 2019 WL 1615414 (N.D. Cal. Apr. 16, 2019); *Akers v. Maryland Educ. Ass'n*, 376 F.Supp.3d 563 (D. Md. 2019), *appeal pending*, No. 19-1524 (4th Cir.); *Wholean v. CSEA SEIU Local 2001*, 2019 WL 1873021 (D. Conn. Apr. 26, 2019), *appeal pending*, No. 19-1563 (2d Cir.); *Babb v. California Teachers Ass'n*, 378 F.Supp.3d 857, 875-76 (C.D. Cal. 2019), *appeal pending*, No. 19-55692 (9th Cir.); *Hernandez v. AFSCME Cal.*, 386 F.Supp.3d 1300, 1304-06 (E.D. Cal. 2019); *Diamond v. Pa. State Educ. Ass'n*, 2019 WL 2929875 (W.D. Pa. July 8, 2019), *appeal pending*, No. 19-2812 (3d Cir.); *Ogle v. Ohio Civil Serv. Emps. Ass'n, AFSCME, Local 11*, 2019 WL 3227936 (S.D. Ohio July 17, 2019), *appeal pending*, No. 19-03701 (6th Cir.); *Allen v. Santa Clara Cty. Corr. Peace Officers Ass'n*, _ F.Supp.3d _, 2019 WL 4302744 (E.D. Cal. Sept. 11, 2019), *appeal pending*, No. 19-17217 (9th Cir.); *Casanova v. International Ass'n of Machinists, Local 701*, No. 1:19-cv-00428, Dkt. #22 (N.D. Ill. Sept. 11, 2019); Order Regarding Motions To Dismiss, Dkt. #69, at 10-14, *in O'Callaghan v. Regents of Univ. of Cal.*, No. 2:19-cv-02289-JVS-DFM (C.D. Cal. Sept. 30, 2019), *appeal pending*, No. 19-56271 (9th Cir.); Judgment, ECF Dkt. #20, *in Doughty v. State Employees Ass'n of N.H.*, No. 1:19-cv-00053-PB (D.N.H. May 30, 2019), *appeal pending*, No. 19-1636 (1st Cir.); *see also* Transcript of Proceedings for Motion Hearing Held on May 30, 2019, ECF Dkt. #21, at 24-30, *in Doughty*, No. 1:19-cv-00053-PB (D.N.H. May 30, 2019) (transcribing oral ruling).

In addition to these recent, directly on-point decisions, several courts addressed the same issue in the wake of the Supreme Court's earlier decision in *Harris v. Quinn*, 134 S. Ct. 2618 (2014), which held that *Abood* did not extend to state-

1. **Section 1983 provides a good faith defense to liability for private parties who followed governing law at the time of the challenged conduct**

Section 1983 provides a cause of action for the deprivation of an individual's "rights, privileges, or immunities secured by the Constitution and laws" "under color of" state law. 42 U.S.C. §1983. In certain circumstances, private parties may be sued under §1983 if they act under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). While public officials exercising discretionary duties who face §1983 claims are entitled to "qualified immunity" from liability unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court has held that private parties cannot invoke "qualified immunity," *Wyatt v. Cole*, 504 U.S. 158, 168-69 (1992).

But private parties are entitled to a similar defense to monetary liability when they rely on presumptively valid state laws. Every member of the *Wyatt* Court concluded that some defense to monetary liability, whether qualified immunity or a good faith defense, is available to private defendants. The three dissenting Justices concluded that qualified immunity itself should be available to private defendants, while the majority opinion observed that such defendants "could be entitled to an affirmative defense based on good faith." *Id*. at 169. The

---

compensated home-care workers. All those courts concluded that the unions had a good faith defense to retrospective liability. *See Winner v. Rauner*, 2016 WL 7374258, at *5-*6 (N.D. Ill. Dec. 20, 2016); *Jarvis v. Cuomo*, 660 F. App'x 72, 75-76 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1204 (2017); *Hoffman v. Inslee*, 2016 WL 6126016, at *4 (W.D. Wash. Oct. 20, 2016).

6

Court's acknowledgement of the availability of a good faith defense was elaborated in separate opinions joined by a majority of the Court. *See id*. at 169 (Kennedy, J., joined by Scalia, J., concurring); *id*. at 175 (Rehnquist, C.J., joined by Souter and Thomas, JJ., dissenting); *see also Lugar*, 457 U.S. at 942 n.23 (acknowledging unfairness of imposing damages liability on private parties who "innocently make use of seemingly valid state laws").

In light of these opinions, the Fifth Circuit squarely held on remand in *Wyatt* "that private defendants sued on the basis of *Lugar* may be held liable for damages under §1983 only if they failed to act in good faith in invoking the unconstitutional state procedures…." *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993), *cert. denied*, 510 U.S. 977 (1993). Since *Wyatt*, this holding has been adopted by every Court of Appeals to address this issue, including the Third Circuit. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1275-78 (3d Cir. 1994)*; Clement v. City of Glendale*, 518 F.3d 1090, 1096-97 (9th Cir. 2008) (recognizing and applying good faith defense); *Pinsky v. Duncan*, 79 F.3d 306, 311-12 (2d Cir. 1996); *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698-99 (6th Cir. 1996); *see also Franklin v. Fox*, 2001 WL 114438, at *6 (N.D. Cal. Jan. 22, 2001) (noting "universal[]" recognition of good faith defense). In *Jordan v. Fox, Rothschild, O'Brien & Frankel*, for example, the Third Circuit held that "[p]rivate defendants should not be held liable under §1983 absent a showing of malice and evidence that they either knew or should have known of the statute's constitutional infirmity." 20 F.3d at 1276 (quoting *Wyatt*, 994 F.2d at 1120); *see also Diamond*, 2019 WL 2929875, at *24 (recognizing that the Third Circuit "adopted the good faith defense for private parties" in *Jordan*).

7

The availability of the good faith defense in §1983 actions recognizes the inequity of holding private parties liable for damages for acting under color of state law when government officials would be immune from liability for the same conduct. *See, e.g.*, *Wyatt*, 504 U.S. at 168 ("[P]rinciples of equality and fairness may suggest …that private citizens …should have some protection from liability, as do their government counterparts[.]"); *Lugar*, 457 U.S. at 942 n.23 (unfairness to private parties of being held liable for "mak[ing] use of seemingly valid state laws" "should be dealt with . . . by establishing an affirmative defense" and "[a] similar concern is at least partially responsible for the availability of a good-faith defense, or qualified immunity, to state officials"). It would be "manifestly unfair to hold that the state actor—whose participation is required for there to be a section 1983 violation at all—is entitled to qualified immunity, but hold the private actor … liable for the plaintiff's damages." *Franklin*, 2001 WL 114438, at *5. As these courts also recognize, the good faith defense is fully consistent with the purpose of §1983 "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights," *Wyatt*, 504 U.S. at 161, because if a state actor's conduct is consistent with then-binding precedent, the threat of §1983 liability "will not deter [that] conduct," *Franklin*, 2001 WL 114438, at *6.

2. **The good faith defense bars Plaintiffs' claim for retrospective relief**

Plaintiffs' §1983 claim seeks a retrospective refund of fair-share fees collected before *Janus* issued, at a time when Pennsylvania statutes and controlling U.S. Supreme Court precedent expressly allowed the collection of such fees. *See Otto v. Pennsylvania State Educ. Association-NEA*, 330 F.3d 125 (3d Cir. 2003)

(upholding statutory fair-share fee system and collective bargaining agreement incorporating fair share fee requirement); *Zorica v. AFSCME Dist. Council 33*, 686 A.2d 461, 464-65 (Pa.Cmwlth. 1996) (same).

As this Court has already recognized, Local 668 was entitled to rely on Pennsylvania state law and U.S. Supreme Court precedent that was then binding on public employers, Local 668, Plaintiffs, and every lower court, and that had been repeatedly reaffirmed in the decades after its issuance. *LaSpina*, 2019 WL 4750423, at *6 n.7. "[S]tate officials and those with whom they deal are entitled to rely on a presumptively valid state statute, enacted in good faith and by no means plainly unlawful." *Lemon v. Kurtzman*, 411 U.S. 192, 209 (1973) (plurality op.); *see also Wyatt*, 504 U.S. at 174 (Kennedy, J., concurring) ("[A] private individual's reliance on a statute, prior to a judicial determination of unconstitutionality, is considered reasonable as a matter of law."); *Pinsky*, 79 F.3d at 313 ("[I]t is objectively reasonable to act on the basis of a statute not yet held invalid."). As the Western District of Pennsylvania recently explained, "it was objectively reasonable for [unions] to rely on a state statute that was constitutional under controlling Supreme Court precedent when collecting fair-share fees," and thus union defendants are entitled to the dismissal of §1983 claims seeking repayment of pre-*Janus* fair-share fees as a matter of law. *Diamond*, 2019 WL 2929875, at *29.

This and other courts have properly recognized that there is nothing unique about the fair-share fee context that would prevent application of the good faith defense. "[E]very district court to consider whether unions that collected agency fees prior to *Janus* have a good-faith defense to §1983 liability [has] answered in

9
MPA ISO SEIU Local 668's Motion to Dismiss FAC, #1:19-cv-01367-MEM

the affirmative." *Babb*, 378 F. Supp. 3d at 872; *see also supra* note 3 (citing 20 decisions rejecting such claims).

In sum, the fair-share fees Defendant received prior to the issuance of *Janus* were collected in good faith pursuant to a Pennsylvania statute that was valid under then-controlling and directly on-point United States Supreme Court precedent. Defendant cannot be held retrospectively liable under §1983 for having faithfully followed the then-binding law of the land.[5]

## CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed.

Date: November 5, 2019

Respectfully Submitted,

/s/P. Casey Pitts
P. Casey Pitts (CA262463)

SCOTT A. KRONLAND (*pro hac vice*)
P. CASEY PITTS (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com

---

[5] Plaintiffs also seek a declaratory judgment. FAC at 7. But to state a claim for declaratory relief, "a plaintiff must be seeking more than a retrospective opinion that [s]he was wrongly harmed by the defendant." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011). Plaintiffs do not allege that Local 668 is continuing to collect fair share fees, *see id.* ¶10, as would be necessary to support a claim for prospective declaratory relief, and Plaintiffs' claim for retrospective monetary relief fails for the reasons set forth above. Because there is no other basis for this Court to award declaratory relief, Plaintiffs' request for a declaratory judgment should be dismissed along with their request for monetary relief.

cpitts@altber.com

LAUREN M. HOYE (SBN PA307411)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3687
E-mail: lhoye@wwdlaw.com

*Attorneys for Defendant SEIU Local 668*