# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSLYVANIA

| | | |
|---|---|---|
| Janine Wenzig and Catherine Kioussis, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:19-cv-01367-MEM |
| | ) | |
| v. | ) | |
| | ) | |
| Service Employees International Union Local 668, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the

LOCAL RULES, and with this Courts orders, the parties hereby submit the

following Joint Case Management Plan.

# 1. Principal Issues

1.1. Separately for each party, please give a statement summarizing this case:

Plaintiffs' Statement: This case seeks the return of agency fees taken from Plaintiffs, and the class members they seek to represent, in violation of their first amendment rights as established in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018).

Defendant's Statement: This putative class action seeks to hold defendant SEIU Local 668 liable for damages under 42 U.S.C. §1983 for collecting agency fees to pay for collective bargaining representation at a time when agency fees were both authorized by state law and constitutional under controlling U.S. Supreme Court precedent.

1.2. The facts the parties dispute are as follows:

The parties believe the liability questions in this case are primarily legal in nature. There may be factual disputes related to whether a class can be certified. If a class were certified and Plaintiffs were successful in establishing liability, there would need to be a determination of damages due to each member of the class, which may involve factual disputes.

The facts the parties agree upon are as follows:

The parties agree that Plaintiffs and putative class members were employees of the Commonwealth of Pennsylvania who paid agency fees to SEIU Local 668 prior to the Supreme Court's ruling in *Janus v. AFSCME,* 138 S. Ct. 2448 (2018).

1.3. The legal issues the parties dispute are as follows:

Whether the constitutional right established in *Janus* is retroactive as a matter of substantive law.

Whether SEIU Local 668 is entitled to a good faith defense to liability for fees collected before *Janus.*

How damages would be calculated if liability were established.

Whether this case is properly maintained as a class action.

The legal issues the parties agree on are as follows:

*Janus* holds that requiring nonmember employees to pay agency fees for collective bargaining representation violates the First Amendment.

1.4. Identify any unresolved issues as to service of process, personal jurisdiction, subjection matter jurisdiction, or venue.

The parties agree that SEIU Local 668 has been properly served, that this court has personal jurisdiction over SEIU Local 668, that this case presents a federal question that gives this court subject matter jurisdiction, and that venue is proper in the Middle District of

Pennsylvania.

1.5. Identify any named parties that have not yet been served

All named parties have been served.

1.6. Identify any additional parties:

At this time, neither Plaintiffs nor Defendant intend to join any

additional parties.

1.7. Identify any additional claims

At this time, neither Plaintiffs nor Defendants intend to add any

additional claims.

## 2. Disclosures

The undersigned counsel certify that they have not yet made the initial

disclosures required by federal rule of civil procedure 26(a)(1), but that they will

do so within the time provided by that rule.

2.1. List by name and title each person whose identity has been disclosed.

The parties have not yet made any disclosures.

## 3. Early Motions

Identify any motion(s) whose early resolution would likely have a significant

effect either on the scope of discovery or other aspects of the litigation:

SEIU Local 668 has filed a Motion to Dismiss the First Amended

Complaint on the ground that the union has a good faith defense to

pre-*Janus* liability.  Plaintiffs intend to oppose the motion.

**4. Discovery**

4.1.Briefly describe any discovery that has been completed or is in progress:

No discovery has been completed to date.

4.2.Describe any discovery that all parties agree should be conducted indicating

for each discovery undertaking its purpose or what kinds of information will

be developed:

SEIU Local 668 requests that discovery be stayed until the Court

resolves its pending Motion to Dismiss and that a new case management

conference be scheduled, if necessary, after the Court's ruling on that

motion.  The 19 district courts to consider whether unions have a good-faith

defense to pre-*Janus* liability -- including this Court -- have ruled in the

unions' favor.  *See* MPA iso Union MTD (Dkt. 26) at p. 5 n. 4; *see also*

*LaSpina v. SEIU Pennsylvania State Counsel et al.*, 2019 WL 4750423, at

*6 n.7 (M.D. Pa. Sept. 30, 2019).

Plaintiff does not oppose a stay of discovery pending a ruling on the

Motion to Dismiss.

4.3.Describe any discovery that one or more parties wish to conduct but to

which another party objects:

See above response regarding a stay of discovery pending a ruling on

the Motion to Dismiss.

4.4. Identify any subject area limitations on discovery that one or more parties
would like imposed at the first stage or throughout the litigation

The parties have not identified any subject area limitations at this
time. See above response regarding a stay of discovery pending a
ruling on the Motion to Dismiss.

4.5. For each of the following discovery tools, recommend the per party of per-
side limitation (specify a number) that should be fixed, subject to later
modification by stipulation or court order on an appropriate showing:

4.5.1. Depositions (including experts) to be taken:

The parties agree to no more than 3 depositions per-side. If a class is
certified this limitation may need to be revisited.

4.5.2. Interrogatories to be served:

The parties agree to no more than 20 interrogatories per-side. If class is
certified, this limitation may need to be revisited.

4.5.3. Document production requests to be served:

The parties agree to no more than 15 document production requests per-
side. If a class is certified, this limitation may need to be revisited.

4.5.4. Requests for admission to be served:

The parties agree to no more than 20 requests for admission per-side. If

a class is certified, this limitation may need to be revisited.

4.6. Discovery of Electronically Stored Information

Counsel Certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery

## 5. Protective Order

Neither party currently seeks the entry of a protective order. Defendant SEIU Local 668 anticipates the need for a protective order if discovery moves forward and if Plaintiffs seek records concerning individuals other than themselves or the union's confidential business records.

## 6. Scheduling

6.1. Final date for joining additional parties: December 16, 2019.

6.2. Final date for amending pleadings: January 6, 2020.

6.3. Motion for class certification due: March 2, 2020

6.4. All fact discovery commenced in time to be completed by: August 3, 2020.

6.5. All potentially dispositive motions should be filed by: September 1, 2020.

(If a class is certified, there may be a need for an extension of some deadlines so the required class notice and opt-out period can be completed)

6.6. Reports from retained experts due:

Plaintiffs due by: September 21, 2020.

Defendants due by: October 21, 2020.

6.7. Supplementations due: November 11, 2020.

6.8. All expert discovery commenced in time to be completed by: November 25, 2020.

6.9. This case may be appropriate for trial in approximately: 400 Days from the filing of this action

6.10.    Suggested Date for the final Pretrial Conference: December 20, 2020.

6.11.    Suggested Date for Trial: January 18, 2021. (If a class is certified, there would likely be a need for extensions of some deadlines to allow for the required class notice and opt-out period)

## 7. Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individuals have settlement authority:

For Plaintiffs:
Janine Wenzig
Catherine Kioussis,
Plaintiffs

For Defendant
Kieran Kenny
Staff Attorney, SEIU Local 668

## 8. Alternative Dispute Resolution

8.1. Identify any ADR procedure to which this case has already been assigned or

which the parties have agreed to use:

> The parties have neither agreed to nor been assigned an ADR Procedure.

8.2. If the parties have been unable to agree on an ADR Procedure, but one or more of the parties believes that the case is appropriate for such a procedure, identify the party or parties that recommended ADR and the specific ADR process recommended:

> The parties agree that an ADR procedure would not be appropriate in this case

8.3. If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

> Because this case involves the assertion of constitutional rights, the merits of which the parties fundamentally disagree over, and claims to potentially significant damages, the parties do not expect ADR to be a useful method of resolution.

## 9. Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

> The parties do not consent to a magistrate judge.

## 10. Other Matters

The parties do not have other matters to raise at this time.

## 11. Identification of Counsel

Identify, by name, address, and telephone number lead counsel for each party,

also please indicate ECF user status:

For Plaintiffs:
Brian Kelsey
Senior Attorney
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702


For Defendant
Scott A. Kronland
P. Casey Pitts
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
            cpitts@altber.com

Dated: November 6, 2019

Respectfully Submitted,

<u>/s/ Charles O. Beckley</u>

Brian K. Kelsey (*Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702

Charles O. Beckley, II
Pennsylvania Bar No. 47564
Beckley & Madden, LLC
212 N. Third St., Suite 301
Harrisburg, PA 17101
Telephone (717) 233-7691
Facsimile (717) 233-3740
cbeckley@pa.net

William Messenger (*Pro Hac Vice*)
National Right to Work Legal Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
Telephone (703) 321-8510
Facsimile (703) 321-9319
wlm@nrtw.org

*Attorneys for Plaintiffs*

<u>/s/Scott A. Kronland</u>
SCOTT A. KRONLAND (*Pro Hac Vice*)
P. CASEY PITTS (*Pro Hac Vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
cpitts@altber.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6st day of November, 2019, a copy of the foregoing Joint Case Management Plan was served on all Counsel of record via the Court's CM/ECF system.

/s/ Charles O. Beckley, II
**BECKLEY & MADDEN, LLC**
212 North Third Street, Suite 301
P. O. Box 11998
Harrisburg, PA 17108-1998
(717) 233-7691 (Telephone)
(717) 233-3740 (Facsimile)
*cbeckley@pa.net*